# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

Francisco Vasquez

v.  Civil Action No. 3:19-cv-756-BJB-HBB

Brad Adams, Warden

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Francisco Vasquez pled guilty in Hardin County Circuit Court to incest, rape, and sodomy for acts committed against his stepdaughter, who was a minor. *See* Appendix (DN 17-2) at 11–21. Vasquez didn't directly appeal the state-court judgment, but later filed a motion to set aside, vacate, or correct his judgment and sentence, challenging the effectiveness of his counsel and the voluntariness of his plea agreement. *Id.* at 23–27. All three levels of the Kentucky court system rejected Vasquez's motion. *Id.* at 119–27 (Hardin County Circuit Court), 224–35 (Court of Appeals), 273 (Supreme Court).

Vasquez has now filed a *pro se* petition for a writ of habeas corpus, again raising concerns, under a number of different constitutional provisions, that his counsel was ineffective and his plea involuntary. DN 1. The petition asks this Court to review the state courts' rejection of his postconviction motion and set aside his sentence under 28 U.S.C. § 2254. The Court referred the petition to Magistrate Judge Brennenstuhl under 28 U.S.C. § 636(b)(1)(A) & (B). *See* DN 8. After Warden Brad Adams filed his opposition to the petition (DN 17), Vasquez didn't file a reply. The Magistrate Judge's report and recommendation (R&R) (DN 20) concluded that the Court ought to deny Vasquez's petition.

Adams—despite prevailing before the magistrate judge—filed objections (DN 21) in response to the R&R's conclusions. Adams raises two objections: (1) Vasquez's petition was untimely and (2) some of Vasquez's claims are procedurally barred. Vasquez filed no objection, and therefore waived any objection to the R&R's recommendation that the Court deny his petition. *See Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) ("the failure to file specific objections to a magistrate's report constitutes a waiver of those objections") (quoting *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)).

The Court nevertheless reviews the objections de novo, consistent with Congress' command. *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Pearce v. Chrysler LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). That review confirms the correctness of the challenged procedural aspects of the Magistrate Judge's decision: Vasquez timely filed this petition and his claims are not procedurally barred. The Court therefore adopts the conclusions contained in the R&R and denies Vasquez's petition.

### 1. Vasquez filed his petition on time.

A person imprisoned after being convicted in state court has one year to petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). That limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[1] But the clock stops for any period of time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Adams' statute-of-limitations argument is straightforward: because state law does not *require* habeas petitioners to file motions for state-court discretionary review in order to exhaust their remedies before federal review, he contends that § 2244(d)(1)'s 1-year clock continued to run while Vasquez elected to pursue those non-mandatory avenues of relief. Objection at 2–3. As the Magistrate Judge observed, this question whether discretionary state-court appeals toll the limitations period is potentially dispositive here. *See* R&R at 6 ("If Adams is correct, Vasquez' petition is late by 177 days. If he is wrong, the petition is on time with 36 days to spare.").

The Magistrate Judge's analysis began and ended with the language of the statute—and "[t]he answer to this question is not hard to find." *Id.* "It is plainly stated in § 2244(d)(2)" that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* (quoting § 2244(d)(2)). Here, no one "dispute[s] that Vasquez' motion for discretionary review to the Kentucky Supreme Court was properly filed." *Id.* at 9. Vasquez was therefore entitled to exclude the time during which those "properly filed application[s]" were pending from the one-year statute of limitations for federal habeas petitions. *Id.*

Attempting to get around the clear result that § 2244(d)(2) demands, "Adams le[d] the Court on a detour of mostly unrelated case law" in his petition. *Id.* at 6 (citing Opposition to Petition at 9). But Adams' "unnecessarily circuitous" argument did not divert the Magistrate Judge's analysis. R&R at 9. The Court agrees with the R&R's conclusion that the decisions cited by Adams do not obstruct the "direct path" clearly set by the statute. *Id.*

The first opinion Adams looks to is *Lawrence v. Florida*, 549 U.S. 327 (2007). *See* Objection at 3. But *Lawrence* held that § 2244(d)'s statute of limitations isn't tolled while a certiorari petition is pending before the *United States* Supreme Court because the text of § 2244(d)(2) addresses only "*State* post-conviction … review." 549 U.S. at 333–34. In this case, Vasquez's appeals were pending before Kentucky's courts—not a federal court as in *Lawrence*. Thus, § 2244(d)(2) tolling plainly applies and *Lawrence* plainly doesn't.

Second, Adams relies on *Adams v. Holland*, 330 F.3d 398, 401–02 (6th Cir. 2003), to support his assertion that Vasquez's appeals were "unavailable" and therefore not subject to tolling. *See* Objection at 2–4. The holding of *Holland* addressed the point at which a petitioner's

---

[1] 28 U.S.C. § 2244(d)(1) provides other timing considerations, at subsections (B) through (D), which do not bear on Vasquez's petition.

2

state-court remedies are exhausted. Some parts of the review process—like Kentucky's rule regarding discretionary review—are "not required to be exhausted" even where "technically available to the litigant." *Id.* at 403. But *Holland* dealt *only* with the habeas statute's exhaustion requirement—not its limitations or tolling provisions. When read in context, *Holland*'s rationale neither swallows nor alters the clear rule set forth in § 2244(d)(2).

The third case Adams cites—*Carey v. Saffold*, 536 U.S. 214, 219–21 (2002)—also doesn't limit tolling under § 2244(d)(2) to proceedings or appeals required for exhaustion purposes. In fact, *Carey* cuts against Adams's argument by holding that an application is "pending" under § 2244(d)(2) until it "has achieved final resolution through the State's post-conviction procedures." *Id.* at 219–20.

A key misconception underlies Adams' proposed interpretation of the tolling provision: Adams argues that "if habeas petitioners are not required to file for discretionary review of their postconviction motions then they should not be entitled to tolling during the time that they seek that relief." Objection at 3. But the upside-down federalism implications of the warden's approach should be obvious: if the federal habeas limitations period didn't allow time for state appellate review, then that would cause a litigation pile-up that would undermine the primary role that habeas envisions for state-court review. Denying tolling would force defendants either to abandon state relief early, without giving state courts a chance to correct alleged state errors, or else file protective, premature habeas petitions, causing the sort of parallel litigation that much of abstention and habeas law is designed to prevent.

Indeed, such an interpretation would undermine the Antiterrorism and Effective Death Penalty Act's "purpose to further the principles of comity, finality, and federalism," *Duncan v. Walker*, 533 U.S. 167, 178 (2001) (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)), by discouraging—perhaps even preventing—prisoners from seeking state-court appellate review of their postconviction motions before pursuing federal habeas review. Though Kentucky *allows* litigants to forgo appellate review of "postconviction relief matter[s]," *see* Ky. R. Crim. P. 12.05, nothing authorizes federal courts to *require* litigants to do so on pain of forfeiting a time-barred shot at federal habeas.

Section 2244(d)(2) accordingly tolled the limitations period throughout the pendency of Vasquez's postconviction-relief motion in state court and rendered the habeas petition timely filed.

**2. Vasquez's claims are not procedurally barred.**

In a footnote of the briefing considered by the Magistrate Judge, Adams argued that "most" of Vasquez's claims of ineffective assistance of counsel may be procedurally defaulted under Ky. R. Crim. P. 11.42(2) "[t]o the extent that the Kentucky Court of Appeals found that his arguments were not specific enough to warrant relief." DN 17 at 25 n.7. *See Harris v. Reed*, 489 U.S. 255, 260–62 (1989) (federal habeas review barred if state court denied relief on adequate and independent procedural ground). But Adams didn't identify where or how the Kentucky courts made such a finding, much less any specific language in the state-court judgment that would support this procedural-default argument.

3

Nevertheless, without any assistance from Adams, the Magistrate Judge identified a single sentence from the state-court judgment that arguably supported the position taken in Adams' footnote: the Court of Appeals wrote that "[t]here is no suggestion of a violation of a constitutional right in the manner in which these statements were obtained and Vasquez provides no specific reasoning nor evidence as to how a motion to suppress would have been successful." *See* R&R at 15 (quoting *Vasquez v. Commonwealth*, No. 2017-CA-001909-MR, 2019 WL 1312842 (Ky. Ct. App. Mar. 22, 2019)). The Magistrate Judge concluded, however, that the single sentence, "without citation to [Ky. R. Crim. P.] 11.42," was "not sufficient evidence to show the Kentucky Court of Appeals dismissed Vasquez's claims for lack of specificity." R&R at 15. "Rather, it appears the Court was discussing the *merits*, or lack thereof, of Vasquez' proposed motions to suppress." *Id.* (emphasis added).

In his objection, Adams tries to use the Magistrate Judge's own handiwork against him—contending the R&R erroneously rejected the procedural-default argument that the judge had to flesh out because Adams hadn't. This time the Objection (at 4–5) points the Court directly to language in the state-court decision that, Adams claims, reveals Vazquez defaulted his claims by not sufficiently raising them in state court. But Adams is in fact the one who defaulted his argument: he forfeited this objection by failing to pursue the issue before the Magistrate Judge.

As a general matter, "[i]issues adverted to in a perfunctory manner, unaccompanied by some effort to develop argumentation, are deem waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293–94 (1st Cir.1995)). That is exactly what happened here: Adams hinted at a procedural default in a footnote of his opposition brief, the Magistrate Judge diligently reviewed the record for support that Adams could've identified (but didn't), and the Magistrate Judge "put flesh on its bones," *id.*, before rejecting Vasquez's claims on other grounds. Avoiding this situation is one reason why waiver rules exist in an adversarial system of justice.

The waiver rule applies to a district court's review of a Magistrate Judge's recommendation. "The Magistrate Judge Act …does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Franklin v. Colvin*, No. 1:15-cv-52, 2015 WL 9255563, at *2 (W.D. Ky. Dec. 18, 2015) (the district court "is under no obligation, absent compelling reasons, to review arguments or issues that were not raised before the Magistrate Judge"). Indeed, allowing parties to develop some arguments before the magistrate judge and others before the district judge would undermine the benefits of Congress' decision to require specific objection to R&Rs. "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010) (quoting *Jones–Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801, at *1–2 (W.D. Mich. Oct. 30, 2009)).

The Court declines to address Adams' revamped argument. His victory in this habeas proceeding must rest on the contentions that carried the day before the Magistrate Judge, not a new reason raised on review.

\* \* \*

The Court overrules Adams's objections, adopts the R&R's recommendations, and denies Vasquez's habeas petition. The Court also agrees with the R&R's recommendation to deny a certificate of appealability.[2]

Benjamin Beaton, District Judge
United States District Court

June 30, 2021

---

[2] Vasquez did not object to the R&R's recommendation that the Court deny a certificate of appealability. "In general, 'the failure to file specific objections to a magistrate's report constitutes a waiver of those objections.'" *Carter*, 829 F.3d at 472 (quoting *Cowherd*, 380 F.3d at 912). Even if the issue weren't waived, Vasquez's Petition does not make out a substantial showing of the denial of a constitutional right, or raise a claim that reasonable jurists would consider debatable, sufficient to warrant a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).